## Case No. 11,452.

In re PROVIDENCE & N. Y. STEAMSHIP CO.

[6 Ben. 258.] [1]

District Court, S. D. New York. Nov., 1872.

LIMITED LIABILITY—PLEADING—EXCEPTIONS—JURISDICTION.

The owners of a vessel, destroyed by fire, filed a petition under the act of 1851, limiting the liability of owners (9 Stat. 635), and obtained an injunction restraining the prosecution of suits, which had been commenced against them by owners of cargo on board. The plaintiffs in one of those suits, without having presented their claims to the commissioner, as required by the 57th rule in admiralty of the supreme court, filed a paper called "Exceptions and Answer," seeking by it to contest the right of the owners of the vessel to exemption or limitation of liability: *Held*, that this could not be done, but that the exception might stand as an exception to the jurisdiction of the court to enjoin the parties.

The facts in this matter will be found by reference to [Case No. 11,451]. It now came

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

up on a motion to strike out a paper filed in the case, called "Exceptions and Answer."

E. D. McCarthy, for excepting parties.
C. H. Tweed, for owners of the Oceanus.

BLATCHFORD, District Judge. The 57th rule in admiralty provides, that any person or persons claiming damages, "and who shall have presented his or their claim to the commissioner under oath, shall and may answer the libel or petition, and contest the right of the owner or owners of said ship or vessel, either to an exemption from liability, or to a limitation of liability under the said act of congress, or both." William Knowlton and others, and Harding and Bassett, without presenting any claim to the commissioner, come in, each by a paper called "Exceptions and Answer," and undertake by such paper to contest the right of the owners of the Oceanus to exemption from liability, and also to a limitation from liability. This cannot be done. Nevertheless as the parties, although they decline, by not presenting their claims to the commissioner, to share in such moneys as this court may have for distribution, and to receive from this court such relief as might follow a successful resistance to the rights claimed by the owners of the Oceanus in their petition, are so far made parties to this proceeding, by such owners, and by the action of this court, as to be enjoined by it from further prosecuting actions brought by them in a state court, I think they are entitled to put in an exception to the jurisdiction of this court to so enjoin them. The paper will, therefore, be allowed to stand, so far as it amounts to such an exception. In this view, paragraphs two, three, and four, must be stricken out, and so much of paragraph six as follows the word "just."